ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 1, 2004

The Honorable David M. Motley
Kerr County Attorney
County Courthouse, Suite BA-103
700 Main Street
Kerrville, Texas 78028

Opinion No. GA-0244

Re: Whether the judge of the Kerr County constitutional county court must hear certain matters at the Kerrville State Hospital and is entitled to a salary supplement for doing so (RQ-0197-GA)

Dear Mr. Motley:

You ask whether the judge of the Kerr County constitutional county court must hear certain matters at the Kerrville State Hospital and is entitled to a salary supplement for doing so.[1]

I.      **Background**

Title 7, subtitle C of the Health and Safety Code, the Texas Mental Health Code, *see* TEX. HEALTH & SAFETY CODE ANN. §§ 571.001-578.008 (Vernon 2003 & Supp. 2004); *see also id.* § 571.001 (Vernon 2003) (short title), pertains to mentally ill individuals' care and treatment. Under chapter 573, an individual who is believed to be mentally ill may be detained on an emergency basis. *See id.* §§ 573.001-.026 (Vernon 2003 & Supp. 2004). Under chapter 574, a prosecutor or another adult may apply for court-ordered mental health care for an individual who may be mentally ill. *See id.* § 574.001(a) (Vernon Supp. 2004); Tex. Att'y Gen. Op. No. JC-0287 (2000) at 2. Generally, the application must be filed with the county clerk in the county in which the proposed patient resides, is found, or is already receiving mental health services. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.001(b) (Vernon Supp. 2004). Chapter 574, subchapter C provides for proceedings for court-ordered mental health services. *See id.* §§ 574.031-.037 (Vernon 2003 & Supp. 2004). Upon making certain findings, a judge may order that a person receive temporary or extended inpatient or outpatient mental health services. *See id.* §§ 574.034(a) (Vernon 2003) (temporary inpatient services), (b) (temporary outpatient services), 574.035(a) (Vernon Supp. 2004) (extended inpatient services), (b) (extended outpatient services). Subchapter E provides for post-commitment proceedings to modify the terms of a commitment order. *See id.* §§ 574.061-.070 (Vernon 2003).

---

[1]*See* Letter from Honorable David M. Motley, Kerr County Attorney, to Honorable Greg Abbott, Texas Attorney General (Mar. 8, 2004) (on file with the Opinion Committee; *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

The costs for a hearing or proceeding under the Texas Mental Health Code are paid by:

> (1) the county that initiates emergency detention procedures under Subchapter A or B, Chapter 573; or

> (2) if no emergency detention procedures are initiated, the county that accepts an application for court-ordered mental health services, issues an order for protective custody, or issues an order for temporary mental health services.

*Id.* § 571.018(a). In addition, "[t]he county responsible for the costs of a hearing or proceeding . . . shall pay the costs of all subsequent hearings or proceedings for that person under this subtitle until the person is discharged from mental health services. The costs shall be billed by the clerk of the court conducting the hearings." *Id.* § 571.018(b).

You state that Kerr County is served by two county courts, the constitutional county court and a county court at law. *See* Request Letter, *supra* note 1, at 1; *see also* TEX. GOV'T CODE ANN. § 25.1351 (Vernon 2004) ("Kerr County has one statutory county court, the County Court at Law of Kerr County."). The Kerrville State Hospital, a Texas Department of Mental Health and Mental Retardation facility that serves 27 counties, is located in Kerr County. *See* Request Letter, *supra* note 1, at 1. Eighty percent of the patients committed to the hospital are from other counties. *See id.* Traditionally, the constitutional county court "has heard mental health commitment hearings for all cases at the Kerrville State Hospital." *Id.* at 2. "[A]pproximately 80% of these cases originate from counties other than Kerr County." *Id.* These cases are heard at the hospital, "away from the county courthouse where the County Court customarily holds hearings." *Id.*

Your questions pertain to the Kerr County constitutional county court's duty to hear mental health commitment hearings at the state hospital and the judge's entitlement to receive a salary supplement for doing so. As background to your questions, you explain that in 1999, the Kerr County Commissioners Court approved a $10.00 "judicial salary supplement fee" to be charged in mental health cases pursuant to section 574.031(i) of the Health and Safety Code. *See id.* The county's 2003-2004 budget included a line item to pay the constitutional county court judge a salary supplement in an amount equal to the estimated number of mental health hearings to be held away from the county courthouse multiplied by $10.00. *See id.* The commissioners court "approved payment of . . . [the] salary supplement to the judge in the budget; however, such approval was on the express condition that the judge's salary to be paid by Kerr County should be reduced by an amount equal to such approved salary supplement in the County Court budget, and reduced the judge's salary accordingly." *Id.*

## II. Analysis

### A. The Constitutional County Court's Duty to Hold Mental Health Commitment Hearings at the State Hospital

You first ask whether "the judge of the Constitutional County Court of Kerr County [is] required by the Constitution or state statutes to hear all of the mental health commitment

hearings held at Kerrville State Hospital, including those from counties other than Kerr County[.]" Request Letter, *supra* note 1, at 3. This question requires us to address which Kerr County courts have jurisdiction over these proceedings, including proceedings involving persons from other counties, and where in the county such proceedings are to be held.

You ask about the Kerr County constitutional county court's duties. Article V, section 15 of the Texas Constitution establishes a county court in each county. *See* TEX. CONST. art. V, § 15.[2] Under the constitution, "The County Court has jurisdiction as provided by law. The County Judge is the presiding officer of the County Court and has judicial functions as provided by law." *Id.* § 16. In addition to the constitutional county court, Kerr County has a county court at law. *See* TEX. GOV'T CODE ANN. § 25.1351 (Vernon 2004) ("Kerr County has one statutory county court, the County Court at Law of Kerr County."). Although you inform us that the constitutional county court in Kerr County has traditionally heard all mental health proceedings in the county, the Government Code provides the Kerr County constitutional county court and county court at law with concurrent jurisdiction over proceedings under the Texas Mental Health Code. *See id.* § 25.1352(b) ("In addition to the jurisdiction provided by Section 25.0003 and other law, a county court at law in Kerr County has: (1) concurrent jurisdiction with the district court in proceedings under the Family Code; and (2) *concurrent with the county court, the jurisdiction of a probate court in proceedings* under Chapter 462, Health and Safety Code, and *Subtitle C, Title 7, Health and Safety Code.*") (emphasis added).[3] In addition, section 574.008(a) of the Health and Safety Code provides that "[a] proceeding under Subchapter C or E must be held in the statutory or constitutional county court that has the jurisdiction of a probate court in mental illness matters." TEX. HEALTH & SAFETY CODE ANN. § 574.008(a) (Vernon 2003). Thus, in Kerr County proceedings for court-ordered mental health services may be heard by either the constitutional county court or the county court at law.

You also ask whether the Kerr County constitutional county court is required to hear proceedings involving patients from other counties. *See* Request Letter, *supra* note 1, at 3. Whether the court has jurisdiction and thus a duty to hear a particular matter will depend upon the statutory basis for the proceeding. Because an application for court-ordered mental health services may be filed with the county clerk in the county in which the proposed patient resides, is found, or is already receiving mental health services by court order or under subchapter A of chapter 573, *see* TEX. HEALTH & SAFETY CODE ANN. § 574.001(b) (Vernon Supp. 2004); *see also id.* ch. 573, subch. A (Vernon 2003 & Supp. 2004), the court may have jurisdiction over and be required to hear a matter involving a patient who resides in another county. *See generally* Tex. Att'y Gen. Op. No. JC-0364 (2001) (concluding that Howard County may not refuse to conduct a probable cause hearing under

---

[2]This provision states: "There shall be established in each county in this State a County Court, which shall be a court of record; and there shall be elected in each county, by the qualified voters, a County Judge, who shall be well informed in the law of the State; shall be a conservator of the peace, and shall hold his office for four years, and until his successor shall be elected and qualified. He shall receive as compensation for his services such fees and perquisites as may be prescribed by law." TEX. CONST. art. V, § 15.

[3]*See also* TEX. PROB. CODE ANN. § 5(c) (Vernon Supp. 2004) ("In those counties in which there is no statutory probate court, but in which there is a county court at law or other statutory court exercising the jurisdiction of a probate court, all applications, petitions, and motions regarding probate and administrations shall be filed and heard in those courts and the constitutional county court, unless otherwise provided by law.").

section 574.025 of the Health and Safety Code if an application for court-ordered mental health services is pending in the appropriate Howard County court).

You are concerned about the court's duties with respect to hearing matters involving patients receiving mental health services in Kerr County whose treatment was initiated in another county and who are receiving services pursuant to the order of a court in another county. Generally, chapter 574, subchapter E provides that requests to modify commitment orders are filed with the court that entered the commitment order. *See, e.g.,* TEX. HEALTH & SAFETY CODE ANN. §§ 574.061(a) (Vernon 2003) ("The facility administrator of a facility to which a patient is committed for inpatient mental health services may request the court that entered the commitment order to modify the order to require the patient to participate in outpatient mental health services."), 574.062(a) ("The court that entered an order directing a patient to participate in outpatient mental health services may set a hearing to determine if the order should be modified in a way that is a substantial deviation from the original program of treatment incorporated in the court's order."). However, section 574.008(c) of the Health and Safety Code permits a court in the county where a patient is receiving temporary inpatient services to hear a request for extended inpatient services:

> If a patient is receiving temporary inpatient mental health services in a county other than the county that initiated the court-ordered inpatient mental health services and the patient requires extended inpatient mental health services, the county in which the proceedings originated shall pay the expenses of transporting the patient back to the county for the hearing *unless the court that entered the temporary order arranges with the appropriate court in the county in which the patient is receiving services to hold the hearing* on court-ordered extended inpatient mental health services before the original order expires.

*Id.* § 574.008(c) (emphasis added). By its plain terms, section 574.008(c) does not require a court in the county where the patient is receiving services to hold the hearing. *See id.*[4]

Finally, subchapter G of chapter 574 permits a physician who is treating a patient to "file an application in a probate court or a court with probate jurisdiction for an order to authorize the administration of a psychoactive medication regardless of the patient's refusal." *Id.* § 574.104(a); *see also id.* § 574.104(c) ("An application filed under this section is separate from an application for court-ordered mental health services."). Section 574.104(d) requires a court to hear a subchapter G application transferred from another county if the patient has been transferred to a mental health facility in the court's county. *See id.* § 574.104(d) ("If the hearing is not held on the same day as the application for court-ordered mental health services under Section 574.034 or 574.035 and the patient is transferred to a mental health facility in another county, the court may transfer the

---

[4]*See also* Tex. Att'y Gen. Op. No. JC-0364 (2001) at 11 ("[W]ith respect to a patient receiving temporary inpatient mental-health services in Howard County under order by another county's court, Howard County Courts have no jurisdiction to conduct a ninety-day hearing under section 574.034 or a hearing on a motion for extended care under section 574.035 unless the appropriate Howard County court has arranged to hold the hearing.").

application for an order to authorize psychoactive medication to the county where the patient has been transferred.").[5] In sum, the Kerr County constitutional county court or the county court at law is required to hear a matter involving a patient receiving mental health services in Kerr County whose treatment was initiated in another county and who is receiving services pursuant to the order of a court in another county only in certain circumstances.

You ask whether hearings for court-ordered mental health services must be held at the Kerrville State Hospital. *See* Request Letter, *supra* note 1, at 3. Section 574.031(a)-(b) of the Health and Safety Code provides as follows:

> (a) Except as provided by Subsection (b), the judge may hold a hearing on an application for court-ordered mental health services at any suitable location in the county. The hearing should be held in a physical setting that is not likely to have a harmful effect on the proposed patient.

> (b) On the request of the proposed patient or the proposed patient's attorney the hearing on the application shall be held in the county courthouse.

TEX. HEALTH & SAFETY CODE ANN. § 574.031(a)-(b) (Vernon 2003); *see also id.* §§ 574.061(d) (requiring that hearing on request to modify inpatient service commitment order to require the patient to participate in outpatient mental health services shall be held "as prescribed by Section 574.031"), 574.062(c) (hearing to modify outpatient service commitment order "shall be held before the court, without a jury, and as prescribed by Section 574.031"). In addition, section 574.031(h)-(i) provides for payment of expenses and a salary supplement to a judge who holds hearings in hospitals or locations other than the county courthouse. *See id.* § 574.031(h)-(i). These provisions permit but do not require a court to hold a hearing at a state hospital or other location outside the county courthouse.

## B.    The Section 574.031(i) Salary Supplement

### 1.    *Statutory Provisions*

Your remaining questions involve the salary supplement authorized by section 574.031 of the Health and Safety Code. *See* Request Letter, *supra* note 1, at 3. Section 574.031 establishes general guidelines for proceedings for court-ordered mental health services. Subsections (h) and (i) provide for the expenses and a salary supplement for a judge who holds hearings outside the county courthouse:

---

[5]*See also id.* at 14 (concluding that, with respect to a hearing on a physician's application to administer psychoactive medication to a patient transferred to Big Spring State Hospital from another county, Howard County may not refuse to conduct the hearing if the application was transferred to a Howard County court).

> (h) A judge who holds a hearing under this section in hospitals or locations other than the county courthouse is entitled to be reimbursed for the judge's reasonable and necessary expenses related to holding a hearing at that location. The judge shall furnish the presiding judge of the statutory probate courts or the presiding judge of the administrative region, as appropriate, an accounting of the expenses for certification. The presiding judge shall provide a certification of expenses approved to the county judge responsible for payment of costs under Section 571.018.

> (i) A judge who holds hearings at locations other than the county courthouse also may receive a reasonable salary supplement in an amount set by the commissioners court.

TEX. HEALTH & SAFETY CODE ANN. § 574.031(h)-(i) (Vernon 2003).

In addition, subsections (j) and (k) permit a judge who holds a hearing to assess as court costs fees for the judge's and prosecutor's services:

> (j) Notwithstanding other law, a judge who holds a hearing under this section may assess for the judge's services a fee in an amount not to exceed $50 as a court cost against the county responsible for the payment of the costs of the hearing under Section 571.018.

> (k) Notwithstanding other law, a judge who holds a hearing under this section may assess for the services of a prosecuting attorney a fee in an amount not to exceed $50 as a court cost against the county responsible for the payment of the costs of the hearing under Section 571.018. For a mental health proceeding, the fee assessed under this subsection includes costs incurred for the preparation of documents related to the proceeding. The court may award as court costs fees for other costs of a mental health proceeding against the county responsible for the payment of the costs of the hearing under Section 571.018.

*Id.* § 574.031(j)-(k).[6] The fees for the judge's and attorney's services are not contingent on the hearing's location. *See id.; see also* Tex. Att'y Gen. Op. No. JC-0364 (2001) at 7 (noting that section 574.031(k) fees do not supplement prosecutor salaries and must be deposited with the county treasurer according to section 113.021 of the Local Government Code); Tex. Att'y Gen. LO-98-053, at 1-2 (same).

---

[6] A clerk of a statutory county court, statutory probate court, or county court is expressly required to collect these two fees. *See* TEX. GOV'T CODE ANN. §§ 101.081(9)-(10), 101.101(5)-(6), 101.121(7)-(8) (Vernon Supp. 2004).

2.    *Threshold Question: Whether the Statutes Authorize a Commissioners Court to Set a Salary Supplement Fee as a Court Cost*

Your questions involve a fee set by the Kerr County Commissioners Court under section 574.031(i), which is charged as a court cost. *See* Request Letter, *supra* note 1, at 2. As a threshold matter, we must decide whether the statutes authorize a commissioners court to set such a court cost. Unlike subsections (j) and (k) of section 571.031, subsection (i) does not state that the salary supplement is a court cost. Read solely in the context of section 574.031, it is not clear whether subsection (i) authorizes a commissioners court to set a salary supplement as a court cost or, alternatively, merely to pay a salary supplement to a judge who holds hearings away from the county courthouse. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.031(i) (Vernon 2003) ("A judge who holds hearings at locations other than the county courthouse also may receive a reasonable salary supplement in an amount set by the commissioners court."). In addition, it is not clear whether the commissioners court referred to in section 574.031(i) is the commissioners court of the county where the hearing is held (and that pays the judge's salary) or the commissioners court of the county responsible for paying costs of a hearing under section 571.018. *See id.*

We must construe section 574.031(i) in the context of the Texas Mental Health Code's general cost provisions. *See Texas Workers' Compensation Ins. Fund v. Del Indus., Inc.*, 35 S.W.3d 591, 593 (Tex. 2000) (a statutory provision is not to be construed in isolation but must be considered in the context of the entire statutory scheme). Section 571.018, which generally governs costs for proceedings under the Texas Mental Health Code and establishes which county is responsible for the costs of a hearing, provides that "[c]osts under this section include . . . costs and salary supplements authorized under Sections 574.031(i) and (j)." TEX. HEALTH & SAFETY CODE ANN. § 571.018(c)(5) (Vernon 2003).[7] Read in conjunction with section 571.018(c)(5), section 574.031(i) provides the basis for a court cost, authorizing but not requiring a commissioners court of a county where a hearing is held to establish a salary supplement court cost.[8]

3.    *Questions about the Kerr County Salary Supplement Court Cost's Disposition*

---

[7] By contrast, section 571.018(c) does not list the expenses authorized by section 574.031(h) as court costs. *See* TEX. HEALTH & SAFETY CODE ANN. § 571.018(c) (Vernon 2003). Presumably, a judge who holds a hearing at a location other than the county courthouse receives reimbursement for the judge's reasonable and necessary expenses from the responsible county other than as court costs. *See id.* § 574.031(h) (providing for the hearing judge to "furnish the presiding judge of the statutory probate courts or the presiding judge of the administrative region, as appropriate, an accounting of the expenses for certification. The presiding judge shall provide a certification of expenses approved to the county judge responsible for payment of costs under Section 571.018."); *see also id.* § 571.018(g) ("A judge who holds hearings at locations other than the county courthouse is entitled to additional compensation as provided by Sections 574.031(h) and (i).").

[8] In 1997, a bill amending section 574.031(i) would have provided that the commissioners court of the county responsible for the costs of the hearing under section 571.018(a) sets the salary supplement and pays it directly to the judge. This language did not appear in the enrolled version of the bill. *Compare* Tex. H.B. 591, 75th Leg., R.S. (1997) (Senate Comm. Report) *with id.* (Enrolled version).

With respect to these provisions, you first ask whether the Kerr County $10 "judicial salary supplement fee" must be paid to the judge who conducts mental health commitment hearings:

> Because Kerr County has adopted a salary supplement under the provisions of § 574.031(i) and such mental health hearings are held at locations other than the county courthouse, must the salary supplement as imposed be paid to the judge holding such hearings at locations other than the county courthouse as directed by § 571.018(g), or may the county withhold payment of such funds to such judge?

Request Letter, *supra* note 1, at 3.

By the statutes' plain terms, when the commissioners court has established a salary supplement court cost under sections 571.018(c)(5) and 574.031(i), the only authorized purpose of the court cost is to pay a salary supplement to a judge who holds hearings at locations other than the county courthouse. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 571.018(c)(5) (Vernon 2003) (listing salary supplement as a court cost), 574.031(i) ("A judge who holds hearings at locations other than the county courthouse also *may receive a reasonable salary supplement in an amount set by the commissioners court.*") (emphasis added). Moreover, section 571.018(g) expressly provides that "[a] judge who holds hearings at locations other than the county courthouse is *entitled* to additional compensation as provided by Sections 574.031(h) and (i)." *Id.* § 571.018(g) (emphasis added). The Code Construction Act provides that the phrase "'is entitled to' creates or recognizes a right." TEX. GOV'T CODE ANN. § 311.016(4) (Vernon 1998) ("The following constructions apply unless the context in which the word or phrase appears necessarily requires a different construction or unless a different construction is expressly provided by statute . . . ."). Accordingly, salary supplement court costs collected by Kerr County must be used to pay a salary supplement as provided by section 574.031(i).

You also ask about the county's authority to reduce the judge's salary by the amount of the salary supplement:

> If the county is required to pay such salary supplement to the judge and further because § 574.031(i) provides that the same is a "supplement" and § 571.018(g) provides that the judge is entitled to the same as "additional compensation," is it proper for the Commissioners Court to reduce or offset the judge's salary in an amount equal to such salary supplement as a condition of approving the payment of such salary supplement?

Request Letter, *supra* note 1, at 3. Your letter indicates that the salary reduction or offset was an express component of the county judge's annual salary in the officially adopted county budget. *See id.* at 2 (stating that the commissioners court "approved payment of . . . [the] salary supplement to

the judge in the budget; however, such approval was on the express condition that the judge's salary to be paid by Kerr County should be reduced by an amount equal to such approved salary supplement in the County Court budget, and reduced the judge's salary accordingly").

Section 571.018(g) of the Health and Safety Code directs that a judge who holds a hearing at locations other than the county courthouse is entitled to receive a salary supplement as additional compensation "as provided by" section 574.031(i). *See* TEX. HEALTH & SAFETY CODE ANN. § 571.018(g) (Vernon 2003). Therefore, when a commissioners court has set a salary supplement court cost under sections 571.018(c)(5) and 574.031(i), *see id.* §§ 571.018(c)(5), 574.031(i), the court cost must be used to fund a salary supplement. *See supra* pp. 7-8. However, these Health and Safety Code provisions are silent with respect to whether a commissioners court, in setting the county judge's annual salary under the Local Government Code, may condition the judge's receipt of the salary supplement on a salary reduction equal in amount to the salary supplement. We construe the Health and Safety Code provisions to prohibit a commissioners court from doing so, for three reasons.

First, such a salary reduction would be tantamount to the commissioners court directing that the county retain and expend for general county purposes amounts collected as salary supplement court costs. Because these statutes do not authorize a county that has established a salary supplement court cost to use such costs for any purpose other than to pay a salary supplement, the statutes must be construed to prohibit such a salary reduction. *See* TEX. GOV'T CODE ANN. §§ 311.021(3) (Vernon 1998) (in enacting a statute, it is presumed that a just and reasonable result is intended), 311.023 ("In construing a statute, . . . a court may consider among other matters the . . . object sought to be attained" and the "consequences of a particular construction[.]").

Second, the legislature provided in section 574.031(h) and (i) for the expenses and to supplement the salary of a judge who holds hearings outside the county courthouse, creating an incentive for judges to do so. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.031(h)-(i) (Vernon 2003). Construing the statutes to permit a salary offset would defeat that purpose.

Finally, the section 574.031(j) "judge's services fee," which is not contingent on the hearing location, appears to be intended to reimburse a county for the cost of providing its judge's services to other counties. *See id.* § 574.031(j) ("Notwithstanding other law, a judge who holds a hearing under this section may assess for the judge's services a fee in an amount not to exceed $50 as a court cost against the county responsible for the payment of the costs of the hearing under Section 571.018.").[9] If the statutes were construed to permit a county to offset the judge's annual salary in

---

[9]*See also* TEX. CONST. art. XVI, § 61 (providing that county officers must be compensated on a salary basis); TEX. LOC. GOV'T CODE ANN. §§ 154.002 (Vernon 1999) ("A district, county, or precinct officer who is paid on a salary basis receives the salary instead of all fees, commissions, and other compensation the officer would otherwise be authorized to keep, except as otherwise provided by this subchapter."), 154.003 ("A district, county, or precinct officer who is paid an annual salary shall charge and collect in the manner authorized by law all fees, commissions, and other compensation permitted for official services performed by the officer. The officer shall dispose of the collected money as provided by Subchapter B, Chapter 113."). *Cf.* Tex. Att'y Gen. Op. No. JC-0364 (2001) at 7 (Health and Safety Code

(continued...)

an amount equal to the salary supplement, the county would be permitted, in practical effect, to retain salary supplement fees in addition to judge's services fees. This would convert the salary supplement fee, an incentive for the judge to hold the hearing outside the county courthouse, into a second fee to reimburse the county for its judge's services. The statutes must be construed to avoid authorizing a responsible county to be charged duplicative fees. *See* TEX. GOV'T CODE ANN. §§ 311.021(3) (Vernon 1998) (in enacting a statute, it is presumed that a just and reasonable result is intended), 311.023 ("In construing a statute, . . . a court may consider among other matters the . . . object sought to be attained" and the "consequences of a particular construction[.]"); *see also* Tex. Att'y Gen. Op. No. JC-0364 (2001) at 7 (concluding that county may not charge separately for costs intended to be encompassed within prosecutor's fees: "The costs that the prosecutor's office incurs in preparing documents necessary to conduct these hearings are encompassed within the phrase 'prosecutor's fees.' Section 574.031(k) plainly limits the fee for a prosecuting attorney to 'an amount not to exceed $50.'").

We note that a commissioners court sets the county judge's annual salary pursuant to chapter 152, subchapter B of the Local Government Code in conjunction with adopting the annual county budget. *See* TEX. LOC. GOV'T CODE ANN. §§ 152.011, .013 (Vernon 1999); *see also id.* §§ 152.014-.016 (salary grievance procedure), 152.017 (excepted positions); Tex. Att'y Gen. Op. No. MW-110 (1979) at 2 (concluding that a county judge's salary was set pursuant to the statutory predecessor to Local Government Code, chapter 152, subchapter B). Once the salary is set, the commissioners court may not change it until the court adopts the next annual budget. *See* Tex. Att'y Gen. Op. No. GA-0162 (2004) at 2. While section 152.012 prohibits a commissioners court from setting an officer's or employee's salary below the amount in effect for the position as of a certain date, chapter 152, subchapter B does not preclude a commissioners court from setting the county judge's annual salary at an amount less than the judge's salary for the prior year.

Thus, while a commissioners court may not offset a county judge's annual salary by the amount of a Mental Health Code salary supplement, the fact that a county judge is entitled to receive a salary supplement under the Mental Health Code does not forever immunize the county judge from a salary reduction. A commissioners court may reduce the county judge's annual salary under chapter 152, subchapter B of the Local Government Code, but the salary reduction may not be related to salary supplements the commissioners court expects the judge to receive. For example, the Mental Health Code provisions would not preclude a commissioners court from reducing the county judge's salary in connection with across-the-board salary reductions.

---

⁹(...continued)
section 574.031(k) fees do not supplement prosecutor salaries and must be deposited with the county treasurer according to section 113.021 of the Local Government Code).

## S U M M A R Y

The Kerr County constitutional county court and county court at law have concurrent jurisdiction over proceedings under the Texas Mental Health Code. Because an application for court-ordered mental health services may be filed with the county clerk in the county in which the proposed patient resides, is found, or is already receiving mental health services by court order or under subchapter A of chapter 573, a court may have jurisdiction over and be required to hear a matter involving a patient who resides in another county. The Texas Mental Health Code does not generally require a court in a county where a state hospital is located to hear matters involving patients who are receiving services at the hospital pursuant to the order of a court in another county. The Texas Mental Health Code permits but does not require a court to hold a proceeding for court-ordered mental health services at the state hospital in the county or other location outside the county courthouse.

Sections 571.018(c)(5) and 574.031(i) of the Health and Safety Code authorize a commissioners court to set a court cost to pay a salary supplement to a judge who holds hearings at locations other than the county courthouse. Section 571.018(g) directs that a judge who holds hearings at locations other than the county courthouse is entitled to receive a salary supplement as provided by section 574.031(i) as additional compensation. A commissioners court that has set a salary supplement court cost may not withhold the salary supplement from a judge who holds hearings at locations other than the county courthouse or reduce the judge's salary in an amount equal to the salary supplement.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee